## CIRCUIT COURT OF THE CITY OF RICHMOND

Morris Wilson

    v.

William S. Hood et al.

December 4, 1987

Case No. (Chancery) N-5480-4

By JUDGE RANDALL G. JOHNSON

Plaintiff filed this action seeking to have the court order defendants to specifically perform an oral agreement allegedly entered into by the parties in 1961 whereby defendants would convey property designated as 1712 North 21st Street, Richmond, Virginia, to plaintiff. In the alternative, plaintiff asks the court to impress the property with an implied or indirect trust, and to effect a record transfer of the property to plaintiff.

The testimony and exhibits offered at hearing show that in 1961, plaintiff was separated from his wife. In May or June of that year, plaintiff became interested in acquiring the subject property. Because divorce proceedings had either been instituted or were anticipated, he did not want the property titled in his name, and arranged instead to have a deed prepared and executed conveying the property to defendants, who are his aunt and her husband. Both plaintiff and Mr. Hood testified that the parties agreed, at the time the property was titled in the Hoods' names, that the property would be conveyed to plaintiff after it was paid for, and that plaintiff did, in fact, make all payments on the property. They both also testified, however, that the only reason the Hoods became involved in the transaction was plaintiff's

desire to prevent his wife from having anything to do with the property. In any event, defendants never conveyed the property to plaintiff, even though plaintiff's divorce was final in 1962, and even though the property was fully paid for in 1974. While Mr. Hood is now willing to convey the property to plaintiff by deed of gift, and has in fact signed such a deed, Mrs. Hood now suffers from Alzheimer's disease and is not competent to join in the conveyance. It is for that reason this action was filed.

The court has two concerns regarding plaintiff's requests. First, Mr. Hood testified that after the property was fully paid for, he and Mrs. Hood lived there for eleven years; that is, until August, 1986. During this period, they and a foster child were the only occupants of the house, and no rent or other payments were ever made by them to plaintiff. This is totally inconsistent with the notion that the Hoods' role in the transaction was merely to hold title until plaintiff's divorce was final, or until the property was paid for. No explanation was given for this. Indeed, no explanation was given for the failure of the Hoods to convey the property to plaintiff prior to Mrs. Hood's incompetency. While these inconsistencies are of no moment with respect to Mr. Hood's willingness to now convey title to plaintiff, the court does not feel it appropriate to extinguish whatever rights Mrs. Hood has in the property in light of those inconsistencies. Moreover, the court believes that the statutory scheme embodied in Virginia Code Section 8.01-67 *et seq.*, prescribing the procedure for selling lands of persons under disabilities, is more appropriate in situations such as this than the type of action filed by plaintiff here.

The court is even more troubled, however, by the circumstances leading to plaintiff's current predicament. But for plaintiff's desire to conceal his ownership of the subject property from his estranged wife, he would not now need the assistance of the court to obtain title to what he claims is his. In 1961, a wife's interest in her husband's real property was nothing more than an inchoate, contingent right of dower for life in one-third of such property, realized only at her husband's death. The court does not believe that it was this interest that plaintiff sought to withhold from his wife. Instead, the court believes that plaintiff did not want an additional

asset which a court might consider in making an award of support or alimony. While counsel for plaintiff argues that the final decree, which specifically found fault on the part of plaintiff's wife, shows that plaintiff's wife would not have been entitled to support, that argument misses the point. The agreement which plaintiff alleges the parties made was entered into more than a year *before* the final decree. Thus, plaintiff did not know at that time whether support or alimony would or would not be ordered. Moreover, if plaintiff was not concerned about the possibility of having to pay support or alimony, why involve defendants at all? The court is convinced that if the alleged agreement between the parties was made, it was made for the sole purpose of concealing an asset which might be used by a court in considering the amount of support or alimony plaintiff would have to pay his wife. Such action on the part of plaintiff is, in the opinion of the court, a direct and substantial violation of the "clean-hands" doctrine so well established in courts of equity. *See e.g.,* *Jones v. Roberts*, 10 Va. (6 Call) 187 (1809). Indeed, plaintiff has no one but himself to blame for being without title to the property. In essence, he now concedes in this action, brought some twenty-six years after the fact, that his predicament was caused by a "conspiracy" to conceal his ownership of the property from his wife. He now asks the court to join in that "conspiracy" by enforcing the agreement which it produced. The court will not do so.

For the foregoing reasons, the bill of complaint will be dismissed.